IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KENNEDY,<br><br>　　　　Plaintiff,<br>　v.<br>WELLS FARGO BANK, N.A.; et al.,<br><br>　　　　Defendants | No. C 11-0675 MMC<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT WELLS FARGO'S MOTION TO STRIKE; VACATING HEARING** |

Before the Court is the motion of defendant Wachovia Mortgage, "a division of Wells Fargo Bank, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB" ("Wells Fargo") (see Mot. at 1:25-26),[1] filed February 22, 2011, to dismiss plaintiff William Kennedy's ("Kennedy") complaint.  Kennedy has filed opposition to the motion, to which Wells Fargo has replied.  Also before the Court is Well's Fargo's motion, filed February 22, 2011, to strike portions of the complaint; Kennedy has filed opposition thereto.  The Court deems the matters appropriate for decision on the parties' respective written submissions, hereby VACATES the hearing scheduled for May 20, 2011, and rules as follows.

**BACKGROUND**

In his complaint, Kennedy asserts the following seven Causes of Action:

(1) "Rescission of Mortgage Contract," (2) "Predatory Loan Mortgage Practices, Fraud";

---

[1] Defendant Barbara Zavala was dismissed without prejudice from the action by order of the San Francisco Superior Court prior to removal.  (See Notice of Removal, Ex. C.)  Defendant "Mortgage Electronic Registry System" ("MERS") (see Compl. ¶ 5), as to whom no proof of service has been filed, has neither joined in the motion nor appeared in the action.

(3) "Breach of Contract"; (4) "Violation of California Fair Debt Collection Practices Act (FDCPA)"; (5) "Violation of Truth In Lending Act (TILA) 15 US Code § 1501 [sic] et seq"[2]; (6) "Violation of HOEPA: 15 US Code § 1639"; and (7) "Violation of California Residential Mortgage Lending Act (CRMLA), Calif. Financial Code §§ 4970 et seq., 4979.6 et seq." (See Compl. at 1-23.)  As alleged in the complaint, Kennedy's claims arise from a mortgage loan ("Mortgage") Kennedy obtained from World Savings Bank, FSB ("WS"), an entity subsequently acquired by Wachovia Mortgage, FSB ("Wachovia"), which, in turn, was acquired by Wells Fargo,[3] and, in addition, a May 2009 modification of the Mortgage, whereby Wachovia, reduced the loan balance to $1,677,266.24.  (See Compl. ¶ 1; see also Wells Fargo Req. for Judicial Notice Ex. A (Adjustable Rate Mortgage Note ("Note"), dated February 14, 2007); Ex B (Deed of Trust to WS, dated February 14, 2007).)[4]  The Mortgage was secured by certain real property owned by plaintiff and located in San Francisco, California.  (See Compl. ¶ 1.)  Wells Fargo moves to dismiss the complaint on the ground, inter alia, that Kennedy fails to allege sufficient facts to give notice to Wells Fargo as to the basis of any of the claims alleged against it.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  See Ashcroft v. Iqbal, 129

---

[2] The Court interprets this cause of action as a claim for relief under 15 U.S.C. § 1601, the section codifying TILA.

[3] The complaint is unclear as to when the Mortgage was obtained, identifying the relevant date as "on or about 2002" (see Compl. ¶ 1) and "on July 16, 2007" (see Compl. ¶ 30).  Further, as noted above, both the Mortgage Note and Deed of Trust between Kennedy and WS are dated February 14, 2007.  The Court's analysis, however, does not depend on which of the above-described dates correctly corresponds to the date of issuance.

[4] Wells Fargo requests the Court take judicial notice of the above-referenced Mortgage Note and Deed of Trust, as well as a Deed of Trust between Kennedy and Washington Mutual Bank, signed July 16, 2007 (see Wells Fargo Req. for Judicial Notice Ex. C); and certain other documents exhibiting WS's corporate history and acquisition by Wells Fargo and supervision by the Office of Thrift Supervision and Office of the Comptroller of Currency (see id. Exs. D-H).  No opposition to the request has been filed.  Accordingly, Wells Fargo's request for judicial notice is GRANTED.

S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a claim has facial plausibility, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See id. at 1950 (internal quotation and citation omitted).

## DISCUSSION

The complaint, as presently pleaded, contains insufficient factual allegations to support the causes of action asserted. The Court addresses each such cause of action below.

**I.   Rescission**

Kennedy's First Cause of Action, a state law claim for rescission, is based on his allegation that Barbara Zavala, a mortgage broker, "took advantage of [Kennedy's] being incapacitated by alcohol" and "fraudulently represent[ed] . . . that [Kennedy] could save 17.5% on his interest rate" for his prior mortgage, and that an "outside appraiser" hired by WS "deliberately and fraudulently inflated the actual fair market value" of Kennedy's property by "ignor[ing] the poor condition of the home." (See Compl. ¶ 2.)

Kennedy fails to allege, however, that he is willing and able "to pay the full amount of the debt for which the property was security." See FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); see also Davenport v. Litton Loan Serv., LP, 725 F. Supp. 2d 862, 880 (N.D. Cal. 2010) (dismissing state law rescission claim where plaintiff failed to "allege that she [had] offered tender"); cf. Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003) (finding court has "equitable discretion," with respect to TILA rescission claim, "to impose conditions on rescission" such as tender). In his opposition, Kennedy appears to concede this failure, but requests leave to amend to plead his willingness and ability to tender.

In addition to pleading tender, however, Kennedy must also plead facts sufficient to

1  warrant the remedy of rescission.  See Cal. Civ. Code § 1689 (providing grounds for

2  rescission, including "duress, menace, fraud, or undue influence"); NMSBPCSLDHB v.

3  Cnty. of Fresno, 152 Cal. App. 4th 954, 959 (Cal. Ct. App. 2007) ("A party to a contract

4  cannot rescind at his pleasure, but only for some one or more of the causes enumerated in

5  section 1689 of the Civil Code." (internal quotation and citation omitted)).  The Court

6  assumes Kennedy's Second Cause of Action, alleging common law fraud, is his purported

7  basis, but, as noted below, such claim likewise is insufficiently pleaded.[5]

8  Accordingly, the Court will dismiss Kennedy's First Cause of Action with leave to

9  amend.

10 **II.    Fraud**

11  Kennedy's Second Cause of Action, alleging common law fraud, is based on the

12  allegation that "[d]efendants . . . misrepresent[ed] to him the true FMV [fair market value] of

13  his house" (see Compl. ¶ 16), as well as allegations that "MERS acted in concert with the

14  other defendants . . . , and took 'fees' and other cuts and kickbacks from MERS" and

15  "violated their escrow instructions" (see Compl. ¶ 8).

16  To state a claim of fraud, a plaintiff must allege facts showing "(1) misrepresentation

17  (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or

18  'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and

19  (5) resulting damage."  Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  "In alleging

20  fraud or mistake, a party must state with particularity the circumstances constituting fraud

21  or mistake."  See Fed. R. Civ. P. 9(b).  To meet the particularity requirement, the "complaint

22  'must adequately specify the statements it claims were false or misleading, give particulars

23  as to the respect in which [the] plaintiff contends the statements were fraudulent, state

24  when and where the statements were made, and identify those [who made] the

25  statements.'"  Glen Holly Entm't, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1094 (C.D.

---

[5] In light of Kennedy's failure to sufficiently identify the conduct on which he bases his rescission cause of action, or, as discussed below, any of his other causes of action, the Court does not address Wells Fargo's argument that Kennedy's claims based on such conduct are preempted.

Cal. 1999) (quoting <u>In re GlenFed, Inc. Sec.</u> Litig., 42 F.3d 1541,1548 n.7 (9th Cir. 1994)).

Here, Kennedy's conclusory allegations are insufficient to state a claim for fraud, as they fail to provide facts satisfying the elements of fraud and do not meet Rule 9(b)'s particularity requirement.

Accordingly, the Court will dismiss Kennedy's Second Cause of Action with leave to amend.

### III. Breach of Contract

Kennedy's Third Cause of Action, breach of contract, is based on his allegation that defendants "insist[ed] that [Kennedy] pay back more than the house was worth." (<u>See</u> Compl. ¶ 21.) The Mortgage Note on which the claim relies, however, reflects Kennedy's promise "to pay US $1,760,000, called 'Principal,' plus interest." (<u>See</u> Wells Fargo Req. for Judicial Notice Ex. A at 1; <u>see also id.</u> Ex. B (Deed of Trust) at 3 (providing "borrower's promise to pay . . . all principal and interest due").)[6] Contrary to Kennedy's assertion, the Mortgage Note does not limit Kennedy's obligation to pay no more than what "the house was worth," whether at the time of its execution or any other time, and thus Kennedy fails to allege a breach of its terms. <u>See</u> <u>CDF Firefighters v. Maldonado</u>, 158 Cal. App. 4th 1226, 1239 (2008) (noting "breach of contract requires . . . defendant's breach"). Moreover, in light of the express terms of the Mortgage Note, amendment would be futile.

Accordingly, the Court will dismiss Kennedy's Third Cause of Action without leave to amend.

### IV. California Fair Debt Collection Practices Act ("FDCPA")

Kennedy's Fourth Cause of Action, a claim under the FDCPA, is based on his allegation that unspecified "defendants," on October 1, 2008 and "continuously through the present," have "harass[ed]" Kennedy "with demands for payment" on the Mortgage "without proving that they (or anyone else) currently can prove by documents of assignment etc.

---

[6] Although Kennedy alleges the May 2009 modification lowered this amount to $1,677,266.24 (<u>see</u> Compl. ¶ 1), Kennedy does not allege the terms of the Mortgage were otherwise materially altered.

5

1  that they currently own the loan, [and] by continuously harassing and annoying telephone
2  calls." (See Compl. ¶ 24.)  Kennedy does not specify which of the defendants made the
3  "harassing and annoying telephone calls," or through what agent or employee, nor does he
4  include facts sufficient to support an inference that any such defendant constitutes a "debt
5  collector" under the FDCPA.  See Cal. Civ. Code § 1788.10-15 (prohibiting certain
6  practices by "debt collector"); § 1788.2(c) (defining "debt collector" as "any person who, in
7  the ordinary course of business, regularly, on behalf of himself or herself or others,
8  engages in debt collection").

9  Accordingly, the Court will dismiss Kennedy's Fourth Cause of Action with leave to
10 amend.

11 **V.   TILA**

12 Kennedy's Fifth Cause of Action, alleging a claim under TILA, is based on an
13 allegation that the Mortgage fails to disclose "the exact APR; the exact finance charges; the
14 total of payments; the payment schedule and the exact amount financed." (See Compl.
15 ¶ 28.) Although the complaint is not more specific in that regard, the Court will assume the
16 claim concerns deficiencies in the original Mortgage, issued either "on or about 2002"
17 (see Compl. ¶ 1) or on "July 16, 2007" (see Compl. ¶ 30; see also Wells Fargo Req. for
18 Judicial Notice Ex. A  (reflecting Mortgage date of February 14, 2007); id Ex. B (same)), as
19 TILA would not apply to the modification Kennedy alleges occurred in May 2009, i.e., a
20 refinancing where no additional advances are made. See 15 U.S.C. § 1635(e)(2).  Even if
21 the Court further assumes Kennedy's October 4, 2010 letter demanding rescission is a
22 sufficient act to perfect Kennedy's TILA claims, however, such demand was sent more than
23 three years after the Mortgage issued, and, consequently, Kennedy's TILA claims are time-
24 barred. See 15 U.S.C. § 1635(f) (providing "obligor's right of rescission shall expire three
25 years after the date of the consummation of the transaction"); 15 U.S.C. § 1640(e)
26 (providing suit under TILA must be brought "within one year from the date of the
27 occurrence of the violation").

28 In an effort to evade TILA's statutory time limits, Kennedy alleges the subject TILA

violations "had been fraudulently concealed by defendants until their discovery" by Kennedy "[on] or about October 12, 2009." (See Compl. ¶ 28.)  Such conclusory allegation is insufficient to support either equitable tolling or equitable estoppel. See Wasco Products, Inc. v. Southwall Tech., Inc., 435 F.3d 989, 991-92 (9th Cir. 2006) (holding Rule 9(b)'s particularity requirements apply to allegations of conspiracy to support equitable tolling). Further, TILA's three-year limit on an "obligor's right of rescission" is an "absolute limitation on rescission actions," which "deprive[s] courts of jurisdiction" and is not subject to equitable extension. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (describing § 1635(f) as "statute of repose").

Accordingly, with respect to Kennedy's Fifth Cause of Action, to the extent Kennedy seeks rescission under TILA, the Court will dismiss without leave to amend, and to the extent Kennedy seeks monetary damages under TILA, the Court will dismiss with leave to amend to afford Kennedy an opportunity to plead sufficient facts to warrant extension of TILA's one-year statute of limitations.

**VI.  HOEPA**

In support of his Sixth Cause of Action, a claim under HOEPA, Kennedy alleges that defendants improperly "appl[ied] APR amounts to [his] mortgage loan" (see Compl. ¶ 36), and concealed "excessive charges" and "'yield spread premiums' (YSP)," which were "disguised" by "listing them as 'PSY'" (see Compl. ¶ 37); that unnamed "title company" Doe defendants "forced him to sign the loan documents in ten minutes in their offices" (see id.); that defendants "violated the formula of amount financed minus fees" (see id.); and that "[t]he dates on the loan documents . . . are different than the signed date" (see id.).

HOEPA, however, only applies to certain types of mortgages. See 15 U.S.C. § 1639 (proscribing conduct with respect to mortgages "referred to in section 1602(aa)"); 15 U.S.C. § 1602(aa) (providing mortgages covered only if "(A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity . . . or (B) the total points and fees payable by the consumer at or before closing will exceed the greater of -- (i) 8 percent

7

of the total loan amount; or (ii) $400").

Here, Kennedy alleges neither that the Mortgage's interest rate nor his points and fees were sufficiently high to bring the loan within HOEPA. Although, Kennedy alleges he incurred "charges and fees greater than $400," it is unclear whether he is referring to "points and fees payable by [him] before closing," see 15 U.S.C. § 1602(aa), and, in any event, such allegation does not suffice to bring the loan within HOEPA, as 8% of $1,760,000, the amount of the Mortgage, is greater than $400. See id.[7]

Accordingly, the Court will dismiss Kennedy's Sixth Cause of Action with leave to amend.

**VII.  California Residential Mortgage Lending Act ("CRMLA")**

Lastly, in his Seventh Cause of Action, Kennedy asserts a CRMLA claim based on his allegation that he "repeatedly made requests to defendants" for certain information related to his Mortgage, but "was denied this, continuously." (See Compl. ¶ 42.)

Like HOEPA, CRMLA only applies to certain types of mortgages. (See, e.g., Cal. Fin. Code § 4979 (requiring "person who originates a covered loan" to provide requisite documentation); Cal. Fin. Code § 4979.6 (restricting amount of points and fees financed on "covered loan"). In particular, under CRMLA:

> 'Covered loan' means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or a deed of trust, and where one of the following conditions are met:
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity . . .
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount."

See Cal. Fin. Code. § 4970(b).

---

[7] As initially issued, the Mortgage was in the amount of $1,760,000 (see Wells Fargo Req. for Judicial Notice Ex. A), 8% of which is $140,800. Assuming arguendo, the modification could also trigger HOEPA, 8% of the reduced balance of $1,677,266.24 (see Comp. ¶ 1) is $134,181.30.

8

Here, Kennedy alleges facts insufficient to show the Mortgage constitutes a "covered loan" under CRMLA, and, consequently, this claim likewise fails. See Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1054 (E.D. Cal. 2009) (dismissing CRMLA claim where plaintiff did not allege facts showing his interest rate exceeded Treasury securities yeild by eight percent or his fees exceeded six percent of total loan amount).

Accordingly, the Court will dismiss Kennedy's Seventh Cause of Action with leave to amend.

**VIII.   Claims against MERS**

Although, as noted, MERS has not joined in the motion, the deficiencies identified herein are equally applicable to Kennedy's claims against MERS, and thus such claims are subject to dismissal as to MERs as well. See Silverton v. Dep't of Treasury, 644. F.2d 1341, 1345 (9th Cir. 1981) (holding district court may "dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants"), cert. denied, 45 U.S. 895 (1981).

**CONCLUSION**

For the reasons stated above:

1. Wells Fargo's motion to dismiss the complaint is hereby GRANTED and the complaint is hereby DISMISSED in its entirety as against all defendants to the action.

2. With the exception of the Third Cause of Action and the Fifth Cause of Action to the extent it seeks rescission under TILA, Kennedy is hereby afforded leave to amend to cure the deficiencies noted above.

3. Wells Fargo's motion to strike is hereby DENIED as moot.

4. Kennedy's Amended Complaint, if any, shall be filed no later than June 3, 2011.

**IT IS SO ORDERED.**

Dated: May 13, 2011

MAXINE M. CHESNEY
United States District Judge

9