United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   WILLIAM KENNEDY,                          No. C 11-0675 MMC
12              Plaintiff,                      **ORDER GRANTING DEFENDANT**
         v.                                    **WELLS FARGO'S MOTION TO**
13                                             **DISMISS; DENYING AS MOOT**
     WELLS FARGO BANK, N.A.; et al.,           **DEFENDANT WELLS FARGO'S**
14                                             **MOTION TO STRIKE; VACATING**
              Defendants                       **HEARING**
15   _____/
16

17        Before the Court is the motion of defendant Wachovia Mortgage, "a division of Wells

18   Fargo Bank, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB"

19   (collectively, "Wells Fargo") (see Mot. at 1:26-27),[1] filed June 21, 2011, to dismiss plaintiff

20   William Kennedy's ("Kennedy") First Amended Complaint ("FAC").  Kennedy has filed

21   opposition to the motion, to which Wells Fargo has replied.  Also before the Court is Wells

22   Fargo's motion, filed June 21, 2011, to strike portions of the FAC; Kennedy has filed

23   opposition thereto, to which Wells Fargo has replied.  The Court deems the matters

24   appropriate for decision on the parties' respective written submissions, hereby VACATES

25   the hearing scheduled for August 5, 2011, and rules as follows.

26   _____
27        [1]  Defendant Barbara Zavala was dismissed without prejudice from the action by
     order of the San Francisco Superior Court prior to removal.  (See Notice of Removal, Ex.
28   C.)  Defendant "Mortgage Electronic Registry System" ("MERS") (see FAC ¶ 5), as to
     whom no proof of service has been filed, has neither joined in the motion nor appeared in
     the action.

**BACKGROUND**

On May 13, 2011, the Court granted Wells Fargo's motion to dismiss Kennedy's initial complaint, dismissing Kennedy's breach of contract claim and TILA rescission claim with prejudice, but providing Kennedy leave to amend his remaining Causes of Action.  On June 7, 2011, Kennedy filed the FAC, asserting the following six Causes of Action: (1) "Rescission of Mortgage Contract," (2) "Predatory Loan Mortgage Practices, Fraud"; (3) "Violation of California Fair Debt Collection Practices Act (FDCPA)"; (4) "Violation of Truth In Lending Act (TILA) 15 US Code § 1501 [sic] et seq"[2]; (5) "Violation of HOEPA: 15 US Code § 1639"; and (6) "Violation of California Residential Mortgage Lending Act (CRMLA), Calif. Financial Code §§ 4970 et seq., 4979.6 et seq."  (See FAC. at 1-17.)  As alleged in the FAC, Kennedy's claims arise from a mortgage loan ("Mortgage") Kennedy obtained "on or about 2007" from World Savings Bank, FSB ("WS"), an entity subsequently acquired by Wachovia Mortgage, FSB ("Wachovia"), which, in turn, was acquired by Wells Fargo.  (See FAC ¶ 1; see also Wells Fargo Req. for Judicial Notice Ex. A (Adjustable Rate Mortgage Note ("Note"), dated February 14, 2007); Ex B (Deed of Trust to WS, dated February 14, 2007).)[3]  The Mortgage was secured by certain real property owned by plaintiff and located in San Francisco, California.  (See FAC ¶ 1.)[4]  Wells Fargo moves to dismiss the FAC on the ground that (1) Kennedy's state-law claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq, and

---

[2]  The Court interprets this cause of action as a claim for relief under 15 U.S.C. § 1601, the section codifying TILA.

[3]  Although the FAC alleges the "loan was made on July 16, 2007" (see FAC ¶ 26), the Mortgage Note and Deed of Trust between Kennedy and WS, as noted, are dated February 14, 2007.  The Court's analysis, however, does not depend on which of the above-described dates correctly corresponds to the date of issuance.

[4]  Wells Fargo requests the Court take judicial notice of the above-referenced Mortgage Note and Deed of Trust, as well as a Deed of Trust between Kennedy and Washington Mutual Bank signed July 16, 2007 (see Wells Fargo Req. for Judicial Notice Ex. C), and certain other documents evidencing WS's corporate history, acquisition by Wells Fargo, and supervision by the Office of Thrift Supervision and Office of the Comptroller of Currency (see id. Exs. D-H).  No opposition to the request has been filed.  Accordingly, Wells Fargo's request for judicial notice is GRANTED.

1   (2) Kennedy fails to allege sufficient additional facts to remedy the deficiencies found in

2   Kennedy's previously dismissed complaint.

3                                      **LEGAL STANDARD**

4          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

5   accepted as true, to state a claim that is plausible on its face."  See Ashcroft v. Iqbal, 129

6   S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual

7   content that allows the court to draw the reasonable inference that the defendant is liable

8   for the misconduct alleged."  Id.  In determining whether a claim has facial plausibility,

9   courts "are not bound to accept as true a legal conclusion couched as a factual allegation."

10  See id. at 1950 (internal quotation and citation omitted).

11                                        **DISCUSSION**

12         The FAC's new allegations fail to remedy the deficiencies found in Kennedy's

13  previously dismissed complaint.  The Court addresses each such cause of action below.

14  **I.     Rescission**

15         In his First Cause of Action, Kennedy continues to assert a state law claim for

16  rescission, but now alleges he "has offered to tender the full amount of the debt for which

17  the property is the security" and his "willingness and ability to tender this amount of the

18  debt."  (See FAC ¶ 2A.)  While Kennedy may seek "to save his home from foreclosure"

19  (see FAC ¶ 7), a cause of action for rescission is more than a request for "backsies."  See

20  http://en.wiktionary.org/wiki/backsies (defining "backsies" as "[r]eneging on a previously

21  settled agreement").  As noted in the Court's prior order of dismissal, Kennedy must also

22  plead facts sufficient to warrant the remedy of rescission.  See Cal. Civ. Code § 1689

23  (setting forth grounds for rescission as including "duress, menace, fraud, or undue

24  influence"); NMSBPCSLDHB v. Cnty. of Fresno, 152 Cal. App. 4th 954, 959 (Cal. Ct. App.

25  2007) ("A party to a contract cannot rescind at his pleasure, but only for some one or more

26  of the causes enumerated in section 1689 of the Civil Code." (internal quotation and citation

27  omitted)).  As the FAC has not clarified the basis of Kennedy's claim for rescission, the

28  Court continues to assume such claim is based on Kennedy's Second Cause of Action,

                                              3

1  alleging common law fraud.  As noted below, however, that claim likewise is not sufficiently

2  pleaded and, in addition, is preempted under HOLA.

3      Accordingly, the Court will dismiss Kennedy's First Cause of Action without leave to

4  amend.

5  **II.    Fraud**

6      In support of his Section Cause of Action, alleging common law fraud, the FAC

7  contains allegations the Court, in its order of May 13, 2011, previously found insufficient.

8  The FAC now includes, however, a new theory as support for Kennedy's fraud claim.

9  Specifically, the FAC alleges that Zavala "made fraudulent representations to the effect that

10  [Kennedy] could save 17.5% on his interest rate if he switched his loan mortgage from

11  then-existing Countrywide to WS," that Zavala "took advantage [of Kennedy's] being

12  incapacitated by alcohol she had given him," and that Zavala was "acting as agent of

13  defendant Wells Fargo and [WS]," which defendants "hired and used her as a mortgage

14  broker."  (See FAC ¶ 5A.)

15      Assuming Kennedy has pleaded sufficient facts to allege Zavala was acting as Wells

16  Fargo's agent at the time of the alleged representation,[5] Kennedy fails to plead sufficient

17  facts either to support an allegation that Zavala's representation was false or to show

18  "justifiable reliance."  See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (setting forth

19  elements of fraud); see also Fed. R. Civ. P. 9(b) (providing "a party must state with

20  particularity the circumstances constituting fraud").  Kennedy neither pleads facts to show

21  the Mortgage's interest rate was not, let alone could not have been, 17.5% less than his

22  previous mortgage; nor does he plead facts to show his reliance on any oral statement

23

---

24      [5] Although the authorities cited by Wells Fargo hold that a broker is "customarily" not
an agent of the lender, see Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 782 (1979), and
25  that conclusory allegations of agency are insufficient to allege an agency relationship, see,
e.g., Castaneda v. Saxon Mortg. Services, Inc.,No. CIV 2:09-01124 WBS DAD, 2010 WL
26  726903, at *6 (E.D. Cal. Feb. 26 2010) (finding, "[w]ithout facts that would suggest a
plausible agency relationship between [lender] and their mortgage brokers, plaintiffs cannot
27  override the presumption that a lender owes no fiduciary duty to its borrowers"), Wells
Fargo identifies no authority holding an allegation that the lender "hired" the mortgage
28  broker (see FAC ¶ 5A) would be insufficient to allege an agency relationship.

regarding such rate was justifiable, given that he alleges he was presented with the

Mortgage documents (see FAC ¶ 33), which documents disclose the rate of interest he

would be charged, (see Wells Fargo Req. for Judicial Notice Ex. A); Hadland v. NN

Investors Life Ins. Co., 24 Cal. App. 4th 1578, 1589 (Cal. Ct. App. 1994) (holding plaintiff

could not reasonably rely on oral promise contradicted by written terms of agreement).

     Moreover, insofar as Kennedy alleges WS did not disclose the interest rate,

Kennedy's claim is preempted by HOLA and regulations issued thereunder, see Silvas v.

E*Trade Mortg. Corp., 514 F.3d 1001, 1004-05 (9th Cir. 2008) (holding "field of lending

regulation of federal savings associations is preempted" by HOLA; noting "federal

regulations have no less preemptive effect than federal statutes" (emphasis, quotations,

and citations omitted)).[6]  Although the common law as to fraud is a law of "general

applicability," it's application here against WS, and its successor entities, for an alleged

misrepresentation regarding the interest rate and for WS's alleged failure to properly

disclose the rate, would have more than an "incidental[] affect[]" on the lending operations

of a federal savings association.  See 12 C.F.R. § 560.2 (describing state laws preempted

by HOLA)[7]; Silvas, 514 F.3d at 1006, 1007 n.3 (holding state law unfair competition claim

under § 17200 based on "alleged misrepresentations" preempted by HOLA where state law

of "general applicability" had more than "incidental[] affect[]" on federal savings

associations); (see also Wells Fargo Req. for Judicial Notice Ex. D (Office of Thrift

Supervision certification of WS's status as federal savings bank)).

     Nor does the fact that Wells Fargo, a national bank, succeeded WS (see Wells

---

[6]  To the extent Kennedy challenges the constitutionality of federal preemption of state laws impacting national banks (see FAC ¶ 7 (arguing 12 C.F.R. § 560.2 is "null and void")), the Court is bound by the approximately two hundred years of jurisprudence to the contrary.  See Bank of America v. City of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002) (discussing HOLA preemption as extension of federal power to regulate national banking under M'Culloch v. Maryland, 17 U.S. (4 Wheat.) 316, 325-26 (1819)).

[7]  Pursuant to the Office of Thrift Supervision regulations, "federal savings associations may extend credit . . . without regard to state laws," including "laws purporting to impose requirements regarding . . .  terms of credit, . .[d]isclosure, . . . [and] origination"; state laws "are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations."  See 12 C.F.R. § 560.2.

1    Fargo Req. for Judicial Notice Exs. E, G, H (demonstrating Wells Fargo's acquisition of

2    WS)) alter the analysis, see DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119,

3    1126 (N.D. Cal. 2010) (finding "the same preemption analysis would apply to any alleged

4    conduct after November 1, 2009, when [WS] merged into [Wells Fargo]"); see also In re

5    Ocwen Loan Servicing, LLC Mortg. Servicing Litig., 491 F.3d 638, 642 (7th Cir. 2007)

6    (holding fact defendant had "given up its federal thrift charter" did not affect HOLA

7    preemption analysis; noting "when [defendant] committed the acts for which the plaintiffs

8    are suing[,] any state-law claims based on those acts were preempted").

9        Accordingly, the Court will dismiss Kennedy's Second Cause of Action without leave

10   to amend.[8]

11   **III.    California Fair Debt Collection Practices Act ("FDCPA")**

12       The FAC's Third Cause of Action, a claim under the FDCPA, is essentially the same

13   as that pled in the original complaint, with the exception that Kennedy now alleges the

14   individuals making the harassing phone calls were "agents and employees of defend[ants]

15   Wells Fargo and Wachovia," that 'they have not stated their names" to Kennedy, and that

16   the "calls were e[x]cessive and made at night, on weekends etc." (See FAC ¶ 20.)

17       Although Kennedy purports to identify the defendants he seeks to hold responsible

18   for the alleged harassing phone calls, Kennedy's allegation that the calls were from the

19   "agents and employees" of Wells Fargo and Wachovia remains conclusory. See Molina v.

20   Washington Mutual, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *8 (S.D. Cal. Jan.

21   29, 2010) (finding insufficient, as conclusory, plaintiffs' allegation that each defendant "was

22   an agent and employee" of other defendants). Although Kennedy need not identify such

23   individuals by name, he must plead facts to support his conclusion that the individuals

24   making the calls were agents or employees of Wells Fargo or Wachovia.

25

26       [8] Insofar as Kennedy requests leave to recharacterize his state law causes of action
27   as claims arising under HOLA (see Opp. at 2 (requesting leave "to plead causes of action
     under HOLA," asserting "12 C.F.R. sec. 560.2 deals with fraud in mortgages in their
28   origination")), such request is denied without prejudice to Kennedy's filing a motion for
     leave to amend and submitting therewith a proposed pleading that includes such claim.

1       Further, Kennedy again fails to plead facts sufficient to support an inference that

2 either Wells Fargo or Wachovia constitutes a "debt collector" under the FDCPA; in

3 particular, the FAC includes no allegation that Wells Fargo or Wachovia collected payments

4 on the Mortgage in the ordinary course of business. See Cal. Civ. Code

5 § 1788.2(c) (defining "debt collector" as "any person who, in the ordinary course of

6 business, regularly, on behalf of himself or herself or others, engages in debt collection");

7 § 1788.11 (prohibiting "debt collector" from "[c]ommunicating, by telephone or in person,

8 with the debtor with such frequency as to be unreasonable and to constitute an

9 harassment").[9]

10       Accordingly, the Court will dismiss Kennedy's Third Cause of Action, and will afford

11 Kennedy further leave to amend such claim.

12 **IV.    Truth in Lending Act ("TILA")**

13       In support of Kennedy's Fourth Cause of Action, alleging a claim under TILA, the

14 FAC again alleges the Mortgage fails to disclose "the exact APR; the exact finance

15 charges; the total of payments; the payment schedule and the exact amount financed"

16 (see FAC ¶ 24), but now alleges that, "on November 26, 2009, [Kennedy] wrote a letter . . .

17 to defendant Wells Fargo . . . in which he asserted a demand for rescission" of the

18 Mortgage (see id.), whereas Kennedy previously alleged he first demanded rescission in a

19 letter written October 4, 2010 (see Compl. ¶ 28).

20

21       [9]  The Court is not persuaded by Wells Fargo's argument that the FDCPA does not
22 apply to mortgages.  The authority on which Wells Fargo relies supports the proposition
that a foreclosure is not a debt collection under the FDCPA, but not that an attempt to
23 collect on a debt, outside foreclosure, is excluded.  See, e.g., Castaneda v. Saxon Mortg.
Services, Inc., 687 F. Supp. 2d 1991, 1197 (E.D. Cal. 2009) (finding "foreclosure pursuant
24 to a deed of trust does not constitute debt collection under the [FDCPA]"); cf. Austero v.
Aura Loan Serv., Inc., No. C-11-00490 JCS, 2011 WL 1585530, at *9 (N.D. Cal. Apr. 27,
25 2011) ("Where the claim arises out of a debt collection arising beyond the scope of the
ordinary foreclosure process . . . , a remedy may be availing under the [FDCPA]." (internal
26 quotation and citation omitted)).  The FAC contains no allegation that Kennedy's home is
currently in foreclosure.  Wells Fargo's argument that HOLA preempts application of the
27 FDCPA fares no better.  See Alkan v. Citimortgage, Inc., 336 F. Supp. 2d 1061, 1062, 1064
(N.D. Cal. 2004) (finding HOLA does not preempt claim under FDCPA that "defendant
28 engaged in collection efforts including sending allegedly threatening letters and making
harassing collection phone calls").

1    Kennedy does not specify whether the amended allegation is an attempt to revive

2   his claim under TILA for rescission or whether it is made to support his claim under TILA for

3   damages.  To the extent Kennedy attempts to replead a cause of action for rescission,

4   such attempt is unavailing.  Any claim for rescission under TILA was extinguished three

5   years after the Mortgage originated, and may not be revived.  See Miguel v. Country

6   Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (finding three-year time limit is

7   "absolute limitation on rescission actions," which "deprive[s] courts of jurisdiction").

8    To the extent Kennedy seeks damages, however, arising from Wells Fargo's failure

9   to rescind the Mortgage in response to the alleged letter of November 26, 2009, the claim is

10  not time-barred.  See Falcocchia v. Saxon Mortg., Inc., 709 F. Supp. 2d 860, 867-68 (E.D.

11  Cal. 2010) (discussing cases holding, where "borrower was barred from bringing a

12  rescission claim based on the initial misconduct giving rise to the right to rescind, the

13  borrower could bring a civil damages action predicated on the creditor's subsequent failure

14  to respond to the notice of rescission").  Kennedy filed the instant action on October 19,

15  2010 (see Notice of Removal Ex. A), a date less than one year after the alleged November

16  26, 2009 letter,[10] and, thus, within TILA's one-year time limit on damages claims.  See 15

17  U.S.C. § 1640(e).[11]

18   Nonetheless, Kennedy fails to plead sufficient facts to state a claim for damages

19

20    [10]  As the FAC alleges Kennedy was not provided with "'material' TILA disclosures,"
21  including "the exact APR, the exact finance charges, the total of payments, the payment
    schedule and the exact amount financed," Kennedy has alleged facts sufficient to extend
22  his right to rescind to three years from the origination of the Mortgage.  See 15 U.S.C.
    § 1635(a) (extending deadline to rescind from three days to three years from origination
23  where lender failed to "deliver[ ] . . . information and rescission forms required under this
    section together with a statement containing the material disclosures required under this
24  subchapter"); see also id. § 1635(f) (limiting time to exercise right to rescind to three years,
    "notwithstanding the fact that the information and forms required under this section or any
25  other disclosures required under this part have not been delivered"); id. § 1639(a)(2)
    (requiring disclosure of "annual percentage rate").

26    [11]  To the extent the FAC seeks damages for TILA violations occurring before
27  October 19, 2009, however, such claims are time-barred, and Kennedy fails to plead any
    additional facts to warrant extension of TILA's statute of limitations.  Accordingly, to the
28  extent the FAC seeks damages under TILA for such violations, the cause of action will be
    dismissed.

1   under TILA.  First, although Kennedy alleges he demanded rescission on November 26,

2   2009, the FAC contains no allegation that either Wells Fargo or Wachovia failed to timely

3   respond to his letter.  See 15 U.S.C. § 1635 (providing, "[w]ithin 20 days after receipt of a

4   notice of rescission, the creditor shall return to the obligor any money or property given as

5   earnest money").  Equally, if not more, important, the FAC contains contradictory

6   allegations with regard to when the rescission demand was written.  (Compare FAC ¶ 3

7   (alleging letter written on October 4, 2010) with FAC ¶ 24 (alleging letter written on

8   November 26, 2009).)[12]  Both alleged dates refer to the same letter, which purportedly was

9   attached as Exhibit A to the FAC (see FAC ¶¶ 3, 24) but which was not attached or

10  otherwise submitted.  Moreover, the original complaint, which also alleged Kennedy

11  demanded rescission by letter, did attach a letter as "Exhibit A," and the letter is dated

12  October 4, 2010.  (See Compl. ¶ 3, Ex. A.)

13          Accordingly, the Court will dismiss Kennedy's Fourth Cause of Action, and provide

14  Kennedy leave to amend to support a TILA claim for damages arising out of Wells Fargo's

15  or Wachovia's alleged failure to respond to his November 26, 2009 letter.  Given the above-

16  referenced contradictory allegations, both within the FAC and between the original

17  complaint and the FAC, the Court will direct Kennedy to attach to any subsequent pleading

18  a copy of the alleged November 26, 2009 letter whereby he demanded rescission of the

19  Mortgage.  See Stanislaus Food Prod. Co. v. USS-POSCO Indus., No. CV F 09-0560 LJO

20  SMS, 2011 WL 1677957, at *13 (E.D. Cal. Feb. 24, 2011) (noting, "[t]he Court does not

21  ignore the prior allegations in determining the plausibility of the current pleading," requiring

22  plaintiff to plead additional factual support where allegation revised to avoid dismissal).

23  **V.      HOEPA**

24          The FAC's allegations in support of Kennedy's Fifth Cause of Action, a claim under

25  HOEPA, 15 U.S.C. § 1639, are, with one conclusory exception, essentially identical to

26

27          [12]  Additionally, as noted, Kennedy alleges the date on which he "wrote" the letter.
28  (See id. ¶¶ 3, 24.)  If Kennedy elects to amend, he must also allege the date on which the
    letter was sent.

1    those the Court previously found insufficient.  The only new allegation made in the FAC is

2    an allegation that "[t]he Mortgage's interest rate and [Kennedy's] points and fees were

3    sufficiently high to bring the loan within HOEPA."  (See FAC ¶ 25.)  Such conclusory

4    allegation is insufficient to show the Mortgage is covered by HOEPA.[13]  See 15 U.S.C.

5    § 1602(aa) (defining mortgages covered by HOEPA).

6         Further, to the extent the FAC's HOEPA cause of action is predicated on violations

7    allegedly occurring at the origination of the Mortgage (see, e.g., FAC ¶ 32 (alleging "[o]n or

8    about June 2007, defendants violated HOEPA"), ¶ 33 (alleging "defendants fraudulently

9    concealed 'yield spread premiums' (YSP) in their disclosure statements for the loan")), the

10   claim is barred by the applicable statute of limitations.  See 15 U.S.C. § 1640(e) (providing

11   HOEPA action "may be brought . . . within one year from the date of the occurrence of the

12   violation").  As with Kennedy's TILA claim, Kennedy's conclusory allegations that Wells

13   Fargo's violations were "fraudulently concealed" (see FAC ¶ 33) are insufficient to warrant

14   equitable tolling or equitable estoppel with respect to HOEPA's statue of limitations.

15   (See Order at 6:28-7:9, filed May 13, 2011.)

16        Accordingly, the Court will dismiss Kennedy's Fifth Cause of Action with leave to

17   amend.

18   **VI.   California Residential Mortgage Lending Act ("CRMLA")**

19        Kennedy's Sixth Cause of Action, a claim under CRMLA, is based on Wells Fargo's

20   alleged failure to provide Kennedy documents regarding his mortgage.  In its prior order,

21   the Court dismissed Kennedy's CRMLA cause of action as alleged in his original complaint,

22   for the reason that Kennedy failed to plead facts sufficient to show the Mortgage is covered

23

24        [13]  Indeed, as the Mortgage's "annual percentage rate at consummation" was
     7.731% (see Wells Fargo Req. for Judicial Notice Ex. A at 1), it could not, as a practical
25   matter, "exceed by more than 10 percentage points the yield on Treasury securities having
     comparable periods of maturity," see 15 U.S.C. § 1602(aa).  Further, as noted in the
26   Court's May 13, 2011 order, to qualify on the basis of "total points and fees payable by the
     consumer at or before closing," the Mortgage's points and fees would have to have
27   exceeded $140,800, i.e., 8% of $1,760,000, the "total loan amount."  (See Order at 8 n.7,
     filed May 13, 2011); see also (Wells Fargo Req. for Judicial Notice Ex. A at 1); 15 U.S.C. §
28   1602(aa) (setting forth requirement that "total points and fees . . . exceed the greater of . . .
     8 percent of the total loan amount; or . . . $400" (emphasis added)).

10

by CRMLA.  The FAC's attempt to cure said deficiency, by alleging the Mortgage's "interest rate exceeded Treasury securities yield by 8% and his fees exceeded 6% of the total loan amount" (see FAC ¶ 43), is conclusory; moreover, Kennedy still does not allege facts to show the "original principal balance of the loan d[id] not exceed the most current conforming loan for a single-family first mortgage loan established by the Federal National Mortgage Association," see Cal. Fin. Code § 4970 (providing requirements for mortgage constituting "covered loan" under CRMLA).[14]

Further, Kennedy's CRMLA claim is preempted HOLA.  Assuming CRMLA is a law of "general applicability," its application here, to require a mortgage servicer to make certain disclosures regarding a mortgage, would have more than an "incidental[] affect[]" on the lending practices of a federal savings association.  See Silvas, 514 F.3d at 1007 n.3, see also Gomez v. Wachovia Mortg. Corp., No. CV-09-02111 SBA, 2010 WL 291817, at *3 (N.D. Cal. Jan. 19, 2010) (finding HOLA preempted claim under § 4970 where plaintiff alleged defendant failed to disclose yield spread premium).[15]

Accordingly, the Court will dismiss Kennedy's Sixth Cause of Action without leave to amend.

---

[14] Nor can Kennedy plead facts to meet this requirement.  As noted, the Mortgage's original principal balance was $1,760,000, which exceeds by nearly $1 million the highest "conforming loan limit" for 2007, the year in which the Mortgage issued.  See Fannie Mae, Historical Conventional Loan Limits, available at http://www.fanniemae.com /aboutfm/pdf/historicalloanlimits.pdf;jsessionid=11X5Y53XOSJTLJ2FECISFGQ (providing 2007 "conforming loan limit" of no greater than $801,950).

[15] Kennedy does not specify the defendant to whom he made his request for disclosure.  (See FAC ¶ 42.)  Even assuming such request was made to Wells Fargo, and even assuming HOLA would not apply to the instant claim, such claim would appear to be preempted by the National Bank Act.  See 12 C.F.R. § 34.4 (providing state laws regarding "disclosure" are preempted by National Bank Act); Zlotnik v. U.S. Bancorp, No. C 09-3855 PJH, 2009 WL 5178030, at *6 (N.D. Cal. Dec. 22, 2009) (noting "[t]he OCC interprets the preemptive scope of the National Bank Act . . . and HOLA as having the same effect").  To the extent Kennedy requests leave to recharacterize his CRMLA claim as a claim under HOLA (see Opp. at 2 (asserting "[t]he types of documents which plaintiff demands defendants produce, to prove they own the loan, are also required by HOLA and 12 C.F.R. sec. 560.2"), such request is denied without prejudice to Kennedy's filing a motion for leave to amend and submitting therewith a proposed pleading that includes such claim.

1  **VII.    Claims against MERS**

2        Although, as noted, MERS has not joined in the motion, the deficiencies identified

3  herein are equally applicable to Kennedy's claims against MERS, and thus such claims are

4  subject to dismissal as to MERs as well.  See Silverton v. Dep't of Treasury, 644. F.2d

5  1341, 1345 (9th Cir. 1981) (holding district court may "dismiss an action as to defendants

6  who have not moved to dismiss where such defendants are in a position similar to that of

7  moving defendants"), cert. denied, 45 U.S. 895 (1981).  Moreover, the FAC includes no

8  new allegations to support a claim against MERS, and Kennedy does not suggest he is

9  able to do so.

10        Accordingly, the Court will dismiss all claims, insofar as they are alleged against

11  MERS, without leave to amend.

12                                        **CONCLUSION**

13        For the reasons stated above:

14        1.  Wells Fargo's motion to dismiss the FAC is hereby GRANTED and the FAC is

15  hereby DISMISSED in its entirety as against all defendants to the action, with leave to

16  amend the Third, Fourth, and Fifth Causes of Action as against Wells Fargo.

17        3.  Wells Fargo's motion to strike is hereby DENIED as moot.

18        4.  Kennedy's Second Amended Complaint, if any, shall be filed no later than August

19  26, 2011.

20        5.  To the extent the Second Amended Complaint relies on the alleged November

21  26, 2009 letter demanding rescission, Kennedy is hereby DIRECTED to attach such letter

22  as an exhibit thereto.

23        **IT IS SO ORDERED.**

24
   Dated: August 2, 2011
25                                        MAXINE M. CHESNEY
                                          United States District Judge
26

27

28

                                              12