United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM KENNEDY,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; et al.,

    Defendants

No. C 11-0675 MMC

**ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT WELLS FARGO'S MOTION TO STRIKE**

    Before the Court is the motion of defendant Wachovia Mortgage, "a division of Wells Fargo Bank, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB" ("Wells Fargo") (see Mot. at 1:23-24), filed September 9, 2011, to dismiss plaintiff William Kennedy's ("Kennedy") Second Amended Complaint ("SAC"); Kennedy has filed opposition thereto, to which Wells Fargo has replied. Also before the Court is Wells Fargo's motion, likewise filed September 9, 2011, to strike portions of the SAC; Kennedy has filed a separate opposition thereto, to which Wells Fargo has separately replied.[1] Having read

---

[1] Kennedy filed his oppositions on September 28, 2011. Under Civil Local Rule 7-3, an opposition must be "served and filed not more than 14 days after the motion is served and filed," see Civil L.R. 7-3, which, in this instance, was September 23, 2011. Relying on "the rules," Kennedy claims the filing deadline was extended by five days because he was served by mail. (See Opp. to Mot. to Dismiss at 1:20-25.) The applicable rules, however, provide for only three additional days when service is by mail. See Fed. R. Civ. P. 6(d); Civil L.R. 5-5. The Court nonetheless has considered Kennedy's late-filed oppositions.

and considered the respective written submissions, the Court rules as follows.[2]

## BACKGROUND

"[O]n or about 2007," Kennedy obtained a mortgage loan ("Mortgage") from World Savings Bank, FSB, an entity subsequently acquired by Wachovia Mortgage, FSB, which, in turn, was acquired by Wells Fargo. (See First Amended Complaint ("FAC") ¶ 1.) The Mortgage was secured by certain real property owned by plaintiff and located in San Francisco, California. (See id.)

In his initial complaint, filed October 19, 2010, Kennedy asserted seven Causes of Action: (1) a state law claim for rescission, (2) a fraud claim, (3) a claim for breach of contract, (4) a claim under California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq., (5) a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., (6) a claim under the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and (7) a claim under the California Residential Mortgage Lending Act ("CRMLA"), Cal. Fin. Code § 50000 et seq. (See Compl. ¶¶ 2-42.)[3] By order filed May 13, 2011, the Court granted Wells Fargo's motion to dismiss Kennedy's initial complaint in its entirety; the Court dismissed with prejudice Kennedy's claim for breach of contract and claim for rescission under TILA, and afforded Kennedy leave to amend his six remaining Causes of Action, including a claim for damages under TILA. (See Order Granting Def. Wells Fargo's Mot. to Dismiss, filed May 13, 2011.) On June 3, 2011, Kennedy filed his FAC, in which he asserted the six remaining Causes of Action: (1) a state law claim for rescission, (2) a fraud claim, (3) a claim under the RFDCPA, (4) a claim for damages under TILA, (5) a claim under HOEPA, and (6) a claim under the CRMLA. By order filed August 2, 2011, the Court granted Wells Fargo's motion to dismiss the FAC in its entirety; the Court dismissed with prejudice Kennedy's state law claim for rescission, claim for fraud, and claim under the CRMLA, and afforded Kennedy

---

[2] By order filed October 12, 2011, the Court took the motions under submission.

[3] The initial complaint was filed in state court, after which, on February 11, 2011, the action was removed to federal district court.

leave to amend his three remaining Causes of Action. (See Order Granting Def. Wells Fargo's Mot. to Dismiss, filed August 2, 2011 ("Aug. 2 Order").) On August 26, 2011, Kennedy filed the SAC, in which he again asserts those Causes of Action: (1) a claim under the RFDCPA; (2) a claim for damages under TILA; and (3) a claim under HOEPA. (See SAC ¶¶ 1-31).

Wells Fargo moves to dismiss the SAC on the ground that Kennedy fails to allege sufficient facts to remedy the deficiencies found in the FAC. (See Mot. to Dismiss at 2:1-12.)[4]

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a claim has facial plausibility, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See id. at 1950 (internal quotation and citation omitted).

**DISCUSSION**

The SAC's new allegations fail to remedy the deficiencies found in the FAC. The Court addresses each Cause of Action in turn.

**I.    California Rosenthal Fair Debt Collection Practices Act ("RFDCPA")**

By its order of August 2, 2011 ("August 2 Order"), the Court dismissed Kennedy's RFDCPA claim as alleged in the FAC for two specified reasons: (1) Kennedy's allegation that the individuals making the allegedly harassing phone calls were "agents and employees" of Wells Fargo and Wachovia "remain[ed] conclusory" and (2) Kennedy failed

---

[4] In the SAC, Kennedy states "[t]he allegations of paragraphs 1-4 are incorporated by reference." (See SAC ¶ 1.) The Court interprets this statement as an attempt to incorporate the first four paragraphs of the FAC. Under the Civil Local Rules of this District, a party filing an amended pleading "may not incorporate any part of a prior pleading by reference." See Civil L.R. 10-1. For purposes of the instant motion, however, the Court construes the SAC as including the referenced paragraphs.

3

1 to plead facts sufficient to support an inference that Wells Fargo qualifies as a "debt
2 collector" under the RFDCPA. (See Aug. 2 Order at 6:17-7:9.) Although Kennedy has
3 added sufficient factual allegations with respect to agency (see SAC ¶ 15 (alleging "the
4 agents who called plaintiff . . . identified themselves as agents and employees of Wells
5 Fargo" and "the name WELLS FARGO appeared on the cell phone ID")),[5] his allegations
6 with respect to Wells Fargo's status as a "debt collector" under the RFDCPA remain
7 insufficient.

8     In order to plead Wells Fargo's status as a "debt collector" under the RFDCPA,
9 Kennedy must allege facts supporting an inference that Wells Fargo "regularly" collects
10 debts in the "ordinary course of business." See Cal. Civ. Code § 1788.2(c) (defining "debt
11 collector" as "any person who, in the ordinary course of business, regularly, on behalf of
12 himself or herself or others, engages in debt collection"). Such a showing requires factual
13 allegations that Wells Fargo's business involves regularly collecting on debts from debtors.
14 See Yang v. DTS Fin. Group, 570 F. Supp. 2d 1257, 1261 (S.D. Cal. 2008) (holding
15 complaint alleging defendant debt collection service "regularly took payments from
16 consumers and distributed those sums to the consumer's creditors" sufficient to state
17 claim). In its August 2 Order, the Court informed Kennedy he is required to allege facts
18 sufficient to give rise to an inference that Wells Fargo regularly collects debts in the
19 ordinary course of its business. (See Aug. 2 Order at 7:1-9.)

20     In his SAC, Kennedy has not adequately pleaded such facts. Kennedy alleges only
21 that the agents who called him said: "This is an attempt to collect a debt." (See SAC ¶ 15.)

---

23 [5] The Court finds unpersuasive Wells Fargo's argument that Kennedy's allegations are insufficient to plead agency because he does not plead an act or omission by Wells Fargo as principal. (See Mem. of P. & A. at 4:2-5.) The two cases on which Wells Fargo relies, J.L. v. Children's Inst., Inc., 177 Cal. App. 4th 388, 404 (2009), and Hawkins v. First Horizon Home Loans, No. S-10-1876 FCD/GGH, 2010 U.S. Dist LEXIS 124529 at *25-26 (E.D. Cal. Nov. 22, 2010), are distinguishable. The former was decided on summary judgment, not on the pleadings, and concerned a claim of ostensible, rather than actual, agency. See J.L. v. Children's Inst., Inc., 177 Cal. App. 4th at 404. The latter concerned a corporate entity having no apparent connection with any other defendant, and a complaint containing only a conclusory allegation that said defendant was in an agency relationship with all other defendants. See Hawkins, 2010 U.S. Dist LEXIS 124529 at *25-26.

4

Based on that statement, Kennedy alleges his conclusion that the calls were made "in the ordinary course of business for them." (See id.) Contrary to Kennedy's argument, (see Opp. to Mot. to Dismiss at 2:9-10) (asserting Kennedy "pled that [Wells Fargo] is in the business of debt collection in the SAC"), such conclusory allegation, without supporting facts, is not sufficient. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Kennedy has had three opportunities to plead facts sufficient to support a claim under the RFDCPA. Kennedy will be afforded one final opportunity to amend his complaint to add, if he can do so, the necessary factual allegations described above. Accordingly, the Court will dismiss Kennedy's claim under the RFDCPA with leave to amend.

**II.     Truth in Lending Act ("TILA")**

Kennedy's claim for damages under TILA is based on the allegation that Kennedy wrote a letter to Wells Fargo demanding rescission and was harmed when Wells Fargo failed to timely respond to his request. (See SAC ¶ 26.) By its August 2 Order, the Court afforded Kennedy leave to amend his allegations as to the date(s) on which he requested rescission and to allege facts showing Wells Fargo failed to respond. (See Aug. 2 Order at 9:1-22.)

As explained in detail in the Court's August 2 Order, the FAC contained confusing and inconsistent facts pertaining to the date(s) of any such request, and, further, purported to, but did not, attach the letter(s) on which he relied. (See Aug. 2 Order at 7:13-19, 8:18-9:12.) Given Kennedy's contradictory allegations, the Court directed Kennedy to attach the alleged November 26, 2009 letter to his next amended pleading. (See Aug. 2 Order at 12:20-22.) In his SAC, Kennedy again alleges he has attached the letter and, again, fails to do so, nor has Kennedy included in the SAC facts setting forth the content of any such

5

letter. (See SAC ¶ 26.)[6] Kennedy pleads no additional facts to clarify his earlier allegations. Consequently, Kennedy's damages claim under TILA again fails.

Moreover, even if Kennedy had remedied the above-referenced inconsistencies, the claim nonetheless would fail as Kennedy again fails to plead any facts showing Wells Fargo failed to comply with TILA. In his SAC, Kennedy alleges for the first time that "Wells [F]argo and Wachovia failed to timely respond to plaintiff's letter of Nov 26, 2009." (See SAC ¶ 26.) Such allegation does no more than parrot the legal standard as articulated by the Court. (See Aug. 2 Order at 9:1-3.) Kennedy's legal conclusion, without facts to support it, is insufficient to plead a violation of TILA. See Iqbal, 129 S. Ct. at 1949-50; Twombly, 550 U.S. at 555. Indeed, it is not possible to tell from such allegation whether Kennedy is alleging there was no response at all, or whether there was a response but, in Kennedy's opinion, it was insufficient.

Accordingly, the Court will dismiss Kennedy's claim for damages under TILA and afford Kennedy one final opportunity to amend the claim. To adequately state his claim, Kennedy must plead facts that make clear: (1) whether he sent one or two letters requesting rescission; (2) the date on which any such letter was sent; and (3) as to each such letter, whether he received any response and, if so, (a) the date he received it and (b) what was said in it. Further, Kennedy must attach to his amended complaint any such letter he has in his possession and, if he no longer has possession of the letter, to so state in his amended complaint and describe in detail its contents.

### III. HOEPA

The Court previously dismissed Kennedy's claim under HOEPA for the reason that Kennedy failed to plead facts to show the Mortgage is covered by HOEPA. (See Aug. 2 Order at 9:24-10:5); see also 15 U.S.C. § 1602(aa) (defining mortgage covered by HOEPA). In the FAC, Kennedy pleaded only his conclusory allegation that "[t]he Mortgage's interest rate and [Kennedy's] points and fees were sufficiently high to bring the

---

[6] Indeed, in his opposition, Kennedy states he "looked for but could not find" the November 26, 2009 letter. (See Opp. to Mot. to Dismiss at 2:13-15.)

loan within HOEPA," (see FAC ¶ 25), which allegation the Court found insufficient to support his claim.[7] Kennedy makes the same allegation in the SAC, and, again without factual support. (See SAC ¶¶ 25, 31.)

The Court also dismissed Kennedy's HOEPA claim to the extent it was predicated on violations allegedly occurring at the origination of the Mortgage in 2007, on the ground any such claim is barred by the applicable statute of limitations. See 15 U.S.C. § 1640(e) (providing HOEPA action "may be brought . . . within one year from the date of the occurrence of the violation"). In so ruling, the Court held Kennedy's conclusory allegation that Wells Fargo's violations were "fraudulently concealed" (see FAC ¶ 33) was insufficient to support equitable tolling or equitable estoppel. (See Aug. 2 Order at 10:6-15.) The SAC includes no new facts in that regard. (Compare FAC ¶¶ 30-36 with SAC ¶¶ 30-31.)

Accordingly, Kennedy's HOEPA claim will be dismissed without leave to amend.

**CONCLUSION**

For the reasons stated above:

1. Wells Fargo's motion to dismiss the SAC is hereby GRANTED and the SAC is hereby DISMISSED in its entirety as against Wells Fargo, with leave to amend the RFDCPA claim and the TILA claim to cure the deficiencies noted above.

2. Wells Fargo's motion to strike is hereby DENIED as moot.

3. Kennedy's Third Amended Complaint, if any, shall be filed no later than November 18, 2011.

**IT IS SO ORDERED.**

Dated: October 25, 2011

MAXINE M. CHESNEY
United States District Judge

---

[7] The Court further observed it would be difficult for Kennedy to successfully amend such claim, as the interest rate was, as a practical matter, too low, and the total points and fees payable at or before closing would have had to have exceeded $140,800. (See Aug. 2 Order at 10 n.13).