IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KENNEDY,<br><br>              Plaintiff,<br>   v.<br><br>WELLS FARGO BANK, N.A.; et al.,<br><br>              Defendants | No. C 11-0675 MMC<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS; VACATING HEARING** |

      Before the Court is the motion of defendant Wachovia Mortgage, "a division of Wells Fargo Bank, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB" ("Wells Fargo") (see Mot. at 1:23-24), filed December 5, 2011, to dismiss plaintiff William Kennedy's ("Kennedy") cause of action for damages under the Truth in Lending Act ("TILA").  Kennedy has filed opposition thereto, to which Wells Fargo has replied.   The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for January 27, 2012, and rules as follows.

      By order filed October 25, 2011, the Court dismissed Kennedy's Second Amended Complaint in its entirety, with leave to amend his cause of action for damages under TILA and his cause of action under California's Rosenthal Fair Debt Collection Practices Act. (See Order Granting Defendant Wells Fargo's Motion to Dismiss the Second Amended Complaint, filed October 25, 2011.)  On November 18, 2011, Kennedy filed his TAC,

alleging both causes of action. By the instant motion, Wells Fargo seeks dismissal only of Kennedy's Second Cause of Action, by which Kennedy alleges his claim for damages under TILA.

In his Second Cause of Action, Kennedy alleges he wrote a letter to Wells Fargo demanding rescission and that Wells Fargo, in violation of TILA, failed to timely respond to his request. (See TAC ¶ 26.) As discussed in detail in the Court's prior orders, Kennedy had previously pleaded inconsistent facts as to the date of his alleged demand for rescission. (See Order Granting Wells Fargo's Motion to Dismiss the First Amended Complaint, filed August 2, 2011, at 7:13-19, 8:18-9:12.) In the TAC, Kennedy reverts to the date pleaded in his original complaint, alleging he "wrote" a letter in October 2010 demanding rescission. (Compare TAC ¶ 26 with Compl. ¶ 28.) As the Court noted in its prior orders, the right of rescission under TILA expires three years after the date of the consummation of the transaction. (See Order Granting Wells Fargo's Motion to Dismiss the Complaint, filed May 13, 2011, at 6:20-27 (citing 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of the consummation of the transaction . . .").) Here, that date, at the latest, was July 16, 2010. (See id.; see also Compl. ¶ 30 (alleging Mortgage issued July 16, 2007).) As before, "[e]ven if the Court . . . assumes Kennedy's October 4, 2010 letter demanding rescission is a sufficient act to perfect Kennedy's TILA claims . . . such demand was sent more than three years after the Mortgage issued, and, consequently, Kennedy's TILA claims are time-barred" to the extent based thereon. (See id.)

In his opposition to the instant motion, Kennedy seeks leave to amend to allege two additional letters. In support thereof, Kennedy has submitted a declaration attaching said letters, dated, respectively, March 13, 2009 and March 30, 2009 (see Declaration of William Kennedy, filed Dec. 19, 2011, Exs. A and B ("Kennedy Decl."), and states the letters "were . . . sent to defendant's predecessor in interest (Wachovia Mortgage) in a timely fashion." (See Opp. at 2:4-6.)

Under TILA, the obligor exercises his right to rescind the transaction "by notifying the

creditor . . . of his intention to do so." See 15 U.S.C. § 1635(a). As Wells Fargo correctly points out, the two letters in question seek a loan modification; they do not give notice of a demand for rescission. (See Kennedy Decl. Ex. A at 1 ("[U]nfortunately I have fallen financially behind and would like you to consider working with me to modify my loan."); id. at 3 ("I am asking if you would consider reducing the loan amount from $1,900,000.00 to $1,050,000.00 which is the real present day value and modify the loan payment to reflect a 30 year fixed to include principal and interest (P&I) at 2.5%, making the loan payment $4,463 per month."); id. Ex. B at 1 ("[U]nfortunately I have fallen financially behind and would like you to consider working with me to modify my loan."); id. at 7 ("[W]e have a meritorious case for Rescission of Contract. . . . This is not our direction at this time. All we want is for Wachovia to be fair with the reduction and modification that was detailed by your loss/Mod/Department.").)

In sum, neither earlier letter gives notice of rescission, and the October 2010 letter is dated after the expiration of any right to rescind. Consequently, Kennedy again fails to state a claim for damages under TILA, and, as further amendment would be futile, said claim will be dismissed without further leave to amend.

Accordingly, for the reasons set forth above, Wells Fargo's motion to dismiss is hereby GRANTED, and Kennedy's TILA claim is hereby DISMISSED.[1]

**IT IS SO ORDERED.**

Dated: January 23, 2012

MAXINE M. CHESNEY
United States District Judge

---

[1] The hearing on the instant motion having been vacated, Wells Fargo's motion to appear telephonically at said hearing is hereby DENIED as moot.