United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM KENNEDY,

        Plaintiff,

  v.

WELLS FARGO BANK, N.A.; et al.,

        Defendants.

                                     /

No. C-11-0675 MMC

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**

      Before the Court is the motion for summary judgment, filed May 11, 2012, by defendant Wachovia Mortgage, "a division of Wells Fargo Bank, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB" ("WellsFargo"). (See Mot. at 1:17-25.) Plaintiff William Kennedy ("Kennedy") has filed opposition thereto, to which Wells Fargo has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' written submissions, VACATES the hearing scheduled for July 13, 2012, and rules as follows.

**BACKGROUND**

      In February 2007, Kennedy obtained a mortgage loan from World Savings Bank, FSB, an entity subsequently acquired by Wachovia Mortgage, FSB, which, in turn, was acquired by Wells Fargo. (See Mot. Exs. 1, 2 (Note and Deed of Trust).) The Mortgage was secured by certain real property owned by plaintiff and located in San Francisco,

California.  (See id.)

Kennedy alleges that Wells Fargo employees "called [Kennedy] and harassed him with mail demanding payment of the loan, and telephone calls after hours and on weekends and nights."  (See Third Amended Complaint ("TAC") ¶ 15.)  Based on this allegation, Kennedy asserts a cause of action under California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act").[1]  See Cal. Civ. Code § 1788.11(e) (providing "[n]o debt collector shall collect or attempt to collect a consumer debt by . . . [c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances").

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(c).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact.  Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  See Celotex, 477 U.S. at 324 (internal quotations and citation omitted).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  "If the [opposing party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Liberty Lobby, 477 U.S. at 249-250 (citations omitted).

---

[1] By order filed January 23, 2012, the Court dismissed the only other cause of action alleged in the TAC, a claim under the Truth in Lending Act.

"[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion." See Matsushita, 475 U.S. at 587 (internal quotation and citation omitted).

**DISCUSSION**

Wells Fargo seeks summary judgment on the ground that Kennedy's Rosenthal Act claim is time-barred. The Rosenthal Act contains a statute of limitations of one year, which runs from "the date of the occurrence of the violation," in this instance, the date of the last allegedly harassing call. See Cal. Civ. Code § 1788.30(f). Kennedy admits the last such call took place in May 2009. (See Mot. Ex. 10 (Kennedy's Responses to Defendant's Interrogatory No. 5)). Because Kennedy did not file suit until October 19, 2010, his claim is time-barred, absent an equitable basis for extending the limitations period.

In a declaration filed in support of his opposition to the instant motion, Kennedy states the callers from Wells Fargo told him "[y]ou have three years to file" and "[t]he statute of limitations for suing us in a FDCP case is three years." (See Kennedy Decl. ¶¶ 3-4.) Kennedy further declares he "relied on these statements" and "[b]ecause defendants lulled [him] into this belief, [he] did not file suit until October 2010." (See id. ¶¶ 4-5.) Based thereon, Kennedy argues Wells Fargo is equitably estopped from asserting his claim under the Rosenthal Act is time-barred.

"A defendant may be equitably estopped from asserting a statutory or contractual limitations period as a defense if the defendant's act or omission caused the plaintiff to refrain from filing a timely suit and the plaintiff's reliance on the defendant's conduct was reasonable." Superior Dispatch, Inc. v. Ins. Corp. of New York, 181 Cal. App. 4th 175, 186 (2010). "Under California law, equitable estoppel requires that: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury." Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1051-52 (9th Cir.

2008) (internal quotation and citation omitted).

Here, as an initial matter, Wells Fargo argues Kennedy cannot rely on equitable estoppel because he failed to plead, in his TAC, any facts in support thereof. The Court agrees. See Guerrero v. Gates, 442 F.3d 697, 706-07 (9th Cir. 2006) (holding plaintiff must "plead with particularity" facts that give rise to equitable estoppel); Wasco Prods. Inc. v. Southwall Tech., Inc., 435 F.3d 989, 991 (9th Cir. 2006) (affirming summary judgment in favor of defendants; noting "plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings [and that] this rule applies even where the tolling argument is raised in opposition to summary judgment").

Wells Fargo further argues that, even if Kennedy had pled the relevant facts in the TAC, the statements assertedly made by Wells Fargo's employees are misrepresentations of law and, as such, cannot provide a basis for equitable estoppel where, as here, there is no fiduciary or confidential relationship between the parties. Again, the Court agrees.

Misrepresentations of law provide a basis for equitable estoppel only if there is a fiduciary or confidential relationship between the parties. See Jordan v. City of Sacramento, 148 Cal. App. 4th 1487, 1496-97 (2007) (noting it is a "black-letter principle that (in the absence of a confidential relationship) where the material facts are known to both parties and the pertinent provisions of law are equally accessible to them, a party's inaccurate statement of the law or failure to remind the other party about a statute of limitations cannot give rise to an estoppel"). "[A]bsent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and the lender." See Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429 (2010) (internal quotation and citation omitted; alternations in original). "Special circumstances" exist only where the financial institution's involvement in the loan transaction "exceed[s] the scope of its conventional role as a mere lender of money." See Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991). Here, Kennedy has submitted no evidence suggesting such "special circumstances" existed. Rather, the uncontroverted evidence shows Kennedy and Wells Fargo were involved in an ordinary mortgage transaction.

4

Accordingly, the Court finds Kennedy's claim against Wells Fargo is time-barred.[2]

**CONCLUSION**

For the reasons stated above, Wells Fargo's motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: July 9, 2012

MAXINE M. CHESNEY
United States District Judge

---

[2] In light of such finding, the Court does not reach Wells Fargo's additional arguments that Kennedy's declaration should be disregarded under the "sham affidavit rule," and that said declaration lacks sufficient specificity as to the identity of the callers referenced therein.