United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM KENNEDY,

          Plaintiff,

  v.

WELLS FARGO BANK, N.A.; BARBARA
ZAVALA; MERS; and DOES 1-100,

          Defendants.

                                 /

No. C 11-0675 MMC

**ORDER GRANTING IN PART MOTION
FOR AWARD OF ATTORNEYS' FEES**

      Before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") "Motion for

an Award of Attorneys' Fees," filed July 23, 2012.  No opposition has been filed.[1]  In an

order filed September 19, 2012, the Court deemed the matter submitted on the moving

papers and vacated the hearing scheduled for September 21, 2012.  The Court now rules

as follows.

### BACKGROUND

      In February 2007, Kennedy obtained a mortgage loan from World Savings Bank,

FSB, an entity subsequently acquired by Wachovia Mortgage, FSB, which, in turn, was

acquired by Wells Fargo.[2]  (See Req. for Judicial Notice in Supp. of Wells Fargo's Mot. for

---

[1] Any opposition was due by August 6, 2012.  See Civil L.R. 7-3(a).

[2] Wells Fargo's predecessors, World Savings Bank, FSB and Wachovia Mortgage,
FSB, are referred to herein as "Wells Fargo."

1   Award of Attorney's Fees ("RJN") Exs. 1 & 2.)[3]  The mortgage was secured by a property in

2   San Francisco, California.  (See Id.)  Kennedy filed suit seeking to rescind the loan

3   agreement.  In his complaint, Kennedy asserted seven claims against Wells Fargo:  (1)

4   rescission under state law; (2) fraud; (3) breach of contract; (4) violation of the California

5   Fair Debt Collection Practices Act ("Rosenthal Act"); (5) violation of the Truth in Lending Act

6   ("TILA"); (6) violation of the Home Ownership and Equity Protection Act ("HOEPA"); and (7)

7   violation of the California Financial Code §§ 4970 and 4979.6.  The Court granted summary

8   judgment in favor of Wells Fargo on Kennedy's Rosenthal Act claim (see Order Granting

9   Def.'s Mot. for Summ. J., filed July 9, 2012) and dismissed with prejudice each of

10  Kennedy's other claims, for failure to state a claim (see Order Granting Def. Wells Fargo's

11  Mot. to Dismiss, filed May 13, 2011; Order Granting Def. Wells Fargo's Mot. to Dismiss,

12  filed August 2, 2011; Order Granting Def. Wells Fargo's Mot. to Dismiss, filed October 25,

13  2011; and Order Granting Def. Wells Fargo's Mot. to Dismiss, filed January 23, 2012).

14      By the instant motion, Wells Fargo seeks fees under the attorney's fees provisions of

15  the deed of trust and mortgage note and also under the fees provision of the Rosenthal Act.

16                                  **DISCUSSION**

17  **I. Entitlement to Attorney's Fees**

18      "Under the American Rule, the prevailing litigant is ordinarily not entitled to collect

19  reasonable attorney's fees from the loser[;] [t]his default rule can, of course, be overcome

20

21          [3] Wells Fargo requests the Court take judicial notice of five exhibits:  the deed of

22  trust; the note memorializing the loan; two documents from the Office of Thrift Supervision;
    and one document from the Comptroller of the Currency.  The request is GRANTED.  The

23  first of the exhibits, the deed of trust, constitutes part of the public record, and, as such, its
    contents are "not subject to reasonable dispute because . . . [they] can be accurately and

24  readily determined from sources whose accuracy cannot reasonably be questioned."  See
    Fed. R. Evid. 201(b).  Similarly, the last three of the above-listed exhibits are judicially

25  noticeable because they reflect official acts of the United States.  See, e.g., Hite v.
    Wachovia Mortgage, Case No. 09-2884, 2010 U.S. Dist LEXIS 57732, at *6-7 (E.D. Cal.

26  June 10, 2010).  Although the remaining exhibit, the note, ordinarily would not be judicially
    noticeable, the Court, in this instance, may consider it because it is a document referenced

27  in the operative complaint.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)
    (holding documents considered by the court "whose contents are alleged in a complaint

28  and whose authenticity no party questions, but which are not physically attached to the
    plaintiff's pleading" may be considered without further foundation).

                                        2

1   by statute." <u>Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.</u>, 549 U.S.

2   443, 448 (2007) (internal citations and quotations omitted).  "In a diversity case, the law of

3   the state in which the district court sits determines whether a party is entitled to attorney

4   fees, and the procedure for requesting an award of attorney fees is governed by federal

5   law." <u>Carnes v. Zamani</u>, 488 F.3d 1057, 1059 (9th Cir. 2007).  Pursuant to California Civil

6   Code § 1717, the relevant California statute, "[i]n any action on a contract, where the

7   contract specifically provides that attorney's fees and costs, which are incurred to enforce

8   that contract, shall be awarded . . . to the prevailing party, . . . the party who is determined

9   to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees

10  . . . ."  Cal. Civ. Code § 1717(a).  "To be a prevailing party, the party must have received an

11  enforceable judgment on the merits or a court-ordered consent decree." <u>United States v.</u>

12  <u>Milner</u>, 583 F.3d 1174, 1196 (9th Cir. 2009).

13          Here, as noted, Wells Fargo was granted summary judgment on one of Kennedy's

14  claims, and the remaining claims were dismissed by the Court for failure to state a claim.

15  Like summary judgment, an involuntary dismissal "operates as an adjudication on the

16  merits," unless it is "for lack of jurisdiction, improper venue, or failure to join a party under

17  Rule 19."  Fed. R. Civ. P. 41(b).  Accordingly, Wells Fargo is the prevailing party.

18          Under California Civil Code § 1717, Wells Fargo, as the prevailing party, is entitled to

19  an award of fees under the provisions of the note and deed of trust.  In the note, Kennedy

20  agreed to the following terms:

21              The Lender will have the right to be paid back by me for all of its costs and
                expenses in enforcing this Note to the extent not prohibited by applicable law.
22              Those expenses may include, for example, reasonable attorneys' fees and
                court costs.
23
    (<u>See</u> RJN Ex. 1 ¶ 7(E)).
24
25          Similarly, in the deed of trust, Kennedy agreed to the following:

26              If (A) I do not keep my promises and agreements made in this Security
                Instrument, or (B) someone, including me, begins a legal proceeding that may
27              significantly affect Lender's rights in the Property (including but not limited to
                any manner of legal proceeding in bankruptcy, in probate, for condemnation
28              or to enforce laws or regulations), then Lender may do and pay for whatever it
                deems reasonable or appropriate to protect the Lender's rights in the

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> Property. Lender's actions may include, without limitation, appearing in court [and] . . . paying reasonable attorneys' fees. . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph . . . with interest, at the interest rate in effect under the Secured Notes.

(See RJN Ex. 2 ¶ 7.)

Wells Fargo argues, and the Court agrees, that all of Kennedy's claims, other than the Rosenthal Act claim, sought to invalidate the deed of trust lien and to prevent Wells Fargo from enforcing the note. Wells Fargo thus incurred expenses for "enforcing [the] note" (see RJN Ex. 1 ¶ 7(E)) and "protecting [its] rights in the property" (see RJN Ex. 2 ¶ 7) and, consequently, is entitled to attorney's fees under the contractual provisions of the note and deed of trust. Wells Fargo's entitlement to such fees, however, must be considered in conjunction with the applicable fee provisions under TILA, see 15 U.S.C. § 1640(a)(3), and the California Financial Code, see Cal. Fin. Code § 4978, which, in each instance, authorize an award of attorney's fees, but only to a prevailing plaintiff.

First, under TILA, Wells Fargo remains entitled to attorney's fees, under the contractual provisions of the note and the deed of trust, for work performed in connection with Kennedy's TILA claim. See Hefferman v. Bitton, 882 F.2d 379, 384 (9th Cir. 1989) (noting without criticism state court opinions awarding contractual attorney's fees to lenders for work performed on TILA claims). The Court may not, however, award attorney's fees for work performed defending against the claim brought under the California Financial Code. See Carver v. Chevron U.S.A., Inc., 119 Cal.App.4th 498, 503-04 (2004) (noting California's nonreciprocal fee provisions override contractual fee provisions; holding fees must be apportioned to delete fees attributable to defense of claim where relevant state statute contains nonreciprocal fee provision); see also Turner v. Ass'n of Am. Med. Colleges, 193 Cal. App. 4th 1047, 1071 (2011) (same). Accordingly, the Court will not award attorney's fees for work related to the defense of Kennedy's California Financial Code claim.

As noted, Wells Fargo concedes the provisions of the note and deed of trust do not

4

provide a contractual basis for an award of attorney's fees for work performed in connection with the Rosenthal Act claim.  The Rosenthal Act itself, however, provides that "reasonable attorney's fees may be awarded to a prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith."  See Cal. Civ. Code § 1788.30.  Wells Fargo contends Kennedy's prosecution of the Rosenthal Act claim was not in good faith because Kennedy knew the claim was time-barred.

In pursuing his Rosenthal Act claim, Kennedy acknowledged there was a one-year statute of limitations under the Rosenthal Act and that the last alleged violation of the Rosenthal Act by Wells Fargo occurred more than one year before he filed his complaint, but argued Wells Fargo was barred by the doctrine of equitable estoppel from asserting the statute of limitations.  The Court thereafter held Kennedy could not rely on equitable estoppel because he failed to plead any facts in support thereof, and, in any event, the evidence he offered was insufficient to raise a triable issue as to equitable estoppel.  In particular, as to the latter ground, the Court held the asserted misstatements of law by Wells Fargo's employees could not provide a basis for equitable estoppel as there was no fiduciary or confidential relationship between the parties.  (See Order Granting Def.'s Mot. for Summ. J., filed July 9, 2012, at 4:2-13.)  Although Kennedy did not succeed on his Rosenthal Act claim, the Court finds the claim was not brought in bad faith, and, consequently, Wells Fargo is not entitled to attorney's fees for its work defending against said claim.

Accordingly, as provided by the terms in the note and deed of trust, Wells Fargo is entitled to reasonable attorney's fees in defending against all but two of Kennedy's seven claims.

**II. Reasonableness of Fees Claimed**

When calculating reasonable attorney's fees, courts consider the following factors: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6)

1   whether the fee is fixed or contingent, (7) time limitations imposed by the client or

2   circumstances, (8) the amount involved and the results obtained, (9) the experience,

3   reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature

4   and length of the professional relations with the client, and (12) awards in similar cases."

5   See LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334,

6   1341-42 (9th Cir. 1986) (internal quotation and citation omitted).

7           Here, Wells Fargo requests a total fee award of $46,295 for work performed by

8   attorneys Mark T. Flewelling ("Flewelling"), Timothy G. Ceperly ("Ceperly") and Leigh O.

9   Curran ("Curran") and paralegals Emily V. Martinez, Sandra Dries, and William Slone.

10  (See Mot. at 1, 12; Decl. of Mark T. Flewelling in Supp. of Def. Wells Fargo's Mot. for

11  Award of Attorneys' Fees ("Flewelling Decl.") at 2:3, 4:6.)  Based on their respective levels

12  of experience, Wells Fargo seeks fees at an hourly rate of $350 for Flewelling, $320 for

13  Ceperly, $320 for Curran, and a range of rates between $135 and $160 per hour for the

14  paralegals.  The Court finds the billing rates of the attorneys and paralegals to be

15  reasonable and in accordance with rates awarded to similarly experienced counsel and

16  paralegals in similar matters.  See, e.g., Salinas v. Wachovia Mortg., No. 11-1220, 2011

17  WL 5513456 at *3 (E.D. Cal. Nov. 10, 2011) (granting fees based on rates from $320 to

18  $350 per hour for Flewelling and other attorneys, and $135 to $160 per hour for

19  paralegals).  The Court next turns to the hours claimed.

20          The Court has reviewed the invoices provided by Wells Fargo (see Flewelling Decl.

21  Ex. A) and finds Wells Fargo spent a reasonable amount of time responding to Kennedy's

22  pleadings and preparing the instant motion.  Because, however, Wells Fargo, as discussed

23  above, is not entitled to attorney's fees for work performed in connection with the claims

24  brought under the California Financial Code and Rosenthal Act, the Court will adjust the

25  amount awarded to account for that work.  First, the Court will subtract all hours listed in the

26  billing statements as work having been performed solely in connection with the California

27  Financial Code; the fees attributable to that work total $480.  Next, as to work performed

28  before January 23, 2012, the Court will subtract all hours listed in the billing statements as

1   work having been performed solely in connection with the Rosenthal Act claim; the fees

2   attributable to that work total $2368.  Further, the Court will subtract all hours in the billing

3   statement after January 23, 2012, on which date the Court dismissed Kennedy's TILA claim

4   and after which only the Rosenthal Act claim remained; the amount claimed for work after

5   January 23, 2012 is $16,822.50.  Accordingly, the Court will subtract from the amount

6   requested by Wells Fargo the total sum of $20,310.50.

7          In addition to the above billings, Wells Fargo also requests fees for four hours of

8   work performed by Curran in connection with the motion for attorney's fees.  Two of those

9   hours, however, constitute the time estimated for Curran to prepare a reply brief and attend

10  a hearing on the motion.  (See Curran Decl. at 3:6-8.)  As a reply brief was neither required

11  nor filed, nor a hearing conducted, the Court will subtract an additional $640 ($320 x 2)

12  from Wells Fargo's total fee request.

13         Accordingly, Wells Fargo will be awarded $25,984.50 in attorney's fees.

14                                          **CONCLUSION**

15         For the reasons stated above, Wells Fargo's motion for an award of attorney's fees

16  is hereby GRANTED in part and Wells Fargo is hereby AWARDED attorney's fees in the

17  amount of $25,984.50.

18         **IT IS SO ORDERED.**

19

20  Dated:  September 20, 2012

21                                                          MAXINE M. CHESNEY
                                                            United States District Judge

22

23

24

25

26

27

28